# In the United States Court of Federal Claims

No. 19-1172C

(Filed: August 21, 2019)

* * * * * * * * * * * * * * * * * * * * * * * * *

LEVAN A. WALKER,

          *Plaintiff*,

v.

THE UNITED STATES,

          *Defendant.*

* * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

Plaintiff filed a complaint on August 12, 2019, alleging that a number of individuals, spanning a five-page list, are spying on him and plan to infringe or have already infringed on his copyright in unidentified material.[1] He alleges that United States has not properly protected his copyright. Plaintiff alleges that his claim is worth "$900,000,000,000,000." Compl. 4. Because it is obvious from the face of the complaint that this court lacks jurisdiction over plaintiff's claim, his complaint must be dismissed.

A *pro se* plaintiff is not exempted from the foundational requirement to demonstrate that the court has jurisdiction over his claim. *Reynolds v. Army & Air Force Exchange Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC"). A copyright owner may bring a claim in this court when "the copyright in any work protected under the copyright laws of the United States shall be infringed by the United States . . . or any person, firm, or corporation acting for the Government and with the authorization or consent of the Government." 28 U.S.C. § 1498(b) (2012).

---

[1] For good cause shown, plaintiff's motion for leave to proceed *in forma pauperis* is granted.

The only connection plaintiff draws between his claim and the United States is "Social Security lead workers," "an agency," and "lower government agencies." Compl. 2, 4. The complaint does not refer to anyone acting in an official capacity on behalf of the United States. Nor does plaintiff state what copyright was infringed (there are various references to music, art, and his likeness), by whom, when, how the government authorized or consented to that infringement, or whether the infringement occurred in the United States. Plaintiff's concern that an extensive list of people have infringed upon an unidentified copyright is insufficient to demonstrate this court's jurisdiction over his claim against the United States. The court also lacks jurisdiction over plaintiff's allegations relating to spying, fraud, impersonation, and various criminal actions.

Because plaintiff has failed to show that the court has jurisdiction over his claim, his complaint must be dismissed. Accordingly, the Clerk of Court is directed to dismiss the complaint for lack of jurisdiction and enter judgment accordingly. No costs.

Plaintiff has filed a complaint in this court regarding spying and copyright infringement three times and in federal district court once:

- *Walker v. United States*, Case No. 13-cv-376.
- *Walker v. United States*, Case No. 19-cv-991.
- *Walker v. United States*, Case No. 19-cv-1172.
- *Walker v. City Adm'r* et al., Case No. 13-cv-0391 (W.D.N.Y. Mar. 3, 2014).

This court dismissed both prior complaints regarding this subject matter on the same basis that it dismisses the present complaint. The Western District of New York dismissed plaintiff's complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B) (2012).

Based on a review of plaintiff's dismissed cases in this court and in federal district court, the court has determined that plaintiff's complaints indicate a pattern of frivolous filings. RCFC 11(b) (barring the filing of unwarranted or frivolous claims). The Clerk of Court is directed to accept no other actions or filings by Levan A. Walker without an order of the Chief Judge of the United States Court of Federal Claims. In seeking leave to file any actions in this court in the future, Mr. Walker must explain how his complaint raises new matters properly before this court.

_____
Eric G. Bruggink
Senior Judge